IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| HOWARD FLOREY INSTITUTE, et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07cv778 |
| ) | |
| JONATHAN W. DUDAS, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff's discovery motion (no. 21) is under advisement.

Plaintiff attempted to submit a patent application for filing on the last allowable day, but plaintiff's agent, a courier, mislaid the application and it was not submitted until the next day. The U.S. Patent and Trademark Office had discretion to accept the application late, 37 C.F.R. § 1.183, but declined to do so. Plaintiff now sues under the Administrative Procedure Act, 5 U.S.C. § 701 et seq., to overturn that decision. Plaintiff seeks limited discovery, and defendant objects.

Whether the application should be granted on its merits is not in issue, but only whether the PTO should be required to accept the application late and consider it. The court must determine, *inter alia,* whether the PTO's decision not to accept it was "arbitrary and capricious." 5 U.S.C. § 706(2)(A).

The administrative record is devoid of any information about (a) the standards the PTO uses to exercise its discretion in cases such as this one, (b) the circumstances in which the PTO has granted § 1.183 applications, and (c) whether any applications alleging circumstances similar to

plaintiff's have been granted or denied.

Plaintiff cannot even attempt to meet its burden under 5 U.S.C. § 706(2)(A) without some such background information. While remand may be preferable in some APA circumstances, the sensible, fair, and therefore preferable solution here is to require extremely limited discovery. The court so finds, applying the standards set out in <u>Fort Sumter Tours, Inc. v. Babbitt</u>, 66 F.3d 1324 (4th Cir. 1995) and the authorities there cited.

Accordingly, the PTO shall, within eleven (11) days, produce documents sufficient to show what, if any, § 1.183 petitions, on what facts, have been granted since the beginning of fiscal 2005, and what, if any, petitions have been denied during that period where a party had allegedly completed an application and attempted to submit it timely for filing.

The parties shall thereafter confer on a briefing schedule for summary judgment and contact Judge O'Grady's chambers.

It is so ORDERED.

ENTERED this 10th day of December, 2007.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

Alexandria, Virginia